UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM KING BROOKINS, IV,

        Plaintiff,

v.                                                                               Case No. 3:23-cv-822-BJD-PDB

JACKSONVILLE SHERIFF'S
OFFICE, et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, William King Brookins, IV, a Jacksonville resident, initiated this action *pro se* by filing a complaint (Doc. 1; Compl.) and a motion to proceed *in forma pauperis* (Doc. 2). He has since filed a motion for discovery (Doc. 6), a motion to consider (his arrest and booking report) (Doc. 7), and a motion to amend (Doc. 8). Plaintiff's complaint is before the Court for review under 28 U.S.C. § 1915(e)(2), which requires a court to dismiss a case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). This section's "failure-to-state-a-claim" language mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v.*

*Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555).

A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing the facial sufficiency of a complaint, a court may consider extrinsic evidence when a document "is central to the plaintiff's claim" and incorporated by reference in the complaint. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368-69 (11th Cir. 1997). A court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Iqbal*, 556 U.S. at 678.

In his complaint, Plaintiff alleges Defendant Santana, an officer with the Jacksonville Sheriff's Office (JSO), "unlawfully arrested [him] and violated

2

[his] rights" on July 12, 2023, and Defendant Marrero, also an officer, failed to de-escalate the situation that led to his arrest and colluded with Defendant Santana to have him arrested for trespassing. *See* Compl. at 4-5. Plaintiff further alleges Defendant Santana "caused [him] mentall [sic] harm … [by] throwing [him] against a glass wall" when handcuffing or restraining him. *Id.* at 5. In addition to naming Defendants Santana and Marrero, Plaintiff names the JSO as a Defendant. *Id.* at 2, 4. As relief, Plaintiff seeks "monetary damages" for the "emotional distress" and anxiety he suffered by being falsely imprisoned, embarrassed, battered, and humiliated. *Id.* at 4.[1]

According to an incident report Plaintiff filed with the JSO Internal Affairs Unit two days after his arrest, Plaintiff was at the Police Memorial Building (PMB) on July 12, 2023, "conducting business as a Non-Citizen State National." Doc. 1-1 at 1. In the incident report, Plaintiff complained that the "[s]upervisor behind the counter was giving [him] a hard time" and telling him the information he was requesting could be obtained online. *Id.* The supervisor

---

[1] Plaintiff used the Court-approved complaint form titled "Complaint for a Civil Case," not the form titled "Complaint for the Violation of Civil Rights." *See* Compl. at 1. In the section of the complaint asking the basis for federal court jurisdiction, Plaintiff checked the box for "[d]iversity of citizenship." *Id.* Plaintiff alleges no facts invoking this Court's jurisdiction on diversity-of-citizenship grounds. *See* 28 U.S.C. § 1332(a). Given Plaintiff's allegations, the Court assumes he intended to file a civil rights action under 42 U.S.C. § 1983. To the extent Plaintiff intended to pursue purely state-law claims against Defendants, including battery or false imprisonment, he may not pursue those claims in this Court absent allegations showing a basis for federal court jurisdiction. *See* 28 U.S.C. § 1332(a).

paged a security officer—Defendant Santana—who allegedly "step[ped] into [Plaintiff's] personal space[,] point[ed] his finger in [Plaintiff's] face[,] and [said] she [the supervisor] gave [Plaintiff] all the info[rmation] she could." *Id.* Plaintiff said the security officer (Santana) threw him against the wall, "aggressively twisting [his] arm," and accused Plaintiff of breaching the peace. *Id.* Plaintiff was arrested for trespassing in violation of Florida Statutes section 810.08(2)(B). *Id.*

With his motion to amend his complaint (Doc. 8), Plaintiff provides a copy of the arrest and booking report (Doc. 8-1). According to the report, Officer H.C. McCollum arrested Plaintiff, and Officer Collins transported him to the jail. Doc. 8-1 at 2. Officer R.E. Bydlik signed the report as the approving supervisor. *Id.*[2] Officer McCollum explains the circumstances leading to Plaintiff's arrest as follows:

> Upon my arrival [to the PMB], I met security officer J. Santana . . . who advised that William Brookins . . . arrived at the [PMB] to conduct business. He wanted more [i]nformation than the records clerks were allowed to give but he was not satisfied. He was eventually told to leave the building by [a police service technician] . . . but he refused several times. Security Officer J. Santana . . . then walked over and also ordered him to leave the building but he still

---

[2] In his motion to amend, Plaintiff says he wants to add as Defendants Officers McCollum, Collins, and Bydlik, *see* Doc. 8-1 at 2, because they "committed perjury and falsified [the] police report," *see* Doc. 8 at 1.

> refused. He was then placed in handcuffs and detained until Police Officers could arrive.

*Id.*[3] Plaintiff stated in the incident report he filed with the JSO Internal Affairs Unit that he was never asked to leave the premises before he was arrested. *See* Doc. 1-1 at 1.

Plaintiff's complaint is subject to dismissal because he fails to "state a claim to relief that is plausible on its face." *See Iqbal*, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. 42 U.S.C. § 1983. A sheriff's office or jail facility is not a legal entity subject to suit under § 1983. *See Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) (citing *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992)).[4] Accordingly, Plaintiff may not proceed on a claim under § 1983 against the JSO.

With respect to the allegations against the Officers, including those Plaintiff moves to add as Defendants, Plaintiff does not explicitly identify a

---

[3] In the copy of the arrest and booking report Plaintiff provides, the names of JSO employees are blacked out. The Court accessed the unredacted arrest and booking report through the Clerk's website. *See* Clerk Online Resource ePortal (CORE), available at https://core.duvalclerk.com/ (last visited Nov. 1, 2023).

[4] Any unpublished decisions cited in this Order are deemed persuasive authority on the relevant point of law. *See McNamara v. GEICO*, 30 F.4th 1055, 1061 (11th Cir. 2022).

5

constitutional amendment or federal law they allegedly violated. *See* Compl. at 3; Doc. 8 at 1. However, liberally construing his allegations, it appears Plaintiff contends Defendants violated his Fourth Amendment rights (false arrest or excessive force during arrest).

### False Arrest Claim

"A claim of false arrest or imprisonment under the Fourth Amendment concerns seizures without legal process, such as warrantless arrests." *Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020) (citing *Wallace v. Kato*, 549 U.S. 384, 388-89 (2007)). If an officer had probable cause for an arrest, the arrestee may not later sue the officer under a theory of false arrest. *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010) ("[T]he existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest."). Entry of a plea of *nolo contendere* following an arrest establishes probable cause for the arrest. *Stephens v. DeGiovanni*, 852 F.3d 1298, 1320 & n.20 (11th Cir. 2017) ("[The plaintiff] provided probable cause for his arrest by his nolo contendere plea, which defeated the false-arrest cause of action in his § 1983 case.").

Additionally, a civil rights action under § 1983 is barred if a judgment in Plaintiff's favor "would necessarily imply the invalidity" of the underlying conviction. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *See also Christy v.*

*Sheriff of Palm Beach Cnty., Fla.*, 288 F. App'x 658, 666 (11th Cir. 2008). "Under *Heck*, a § 1983 plaintiff seeking to recover damages for an 'allegedly unconstitutional conviction or imprisonment' or 'for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid' must first prove that his conviction or sentence has been invalidated." *Harvey v. United States*, 681 F. App'x 850, 853 (11th Cir. 2017) (quoting *Heck*, 512 U.S. at 486-87). "Under Florida law, *nolo* pleas are considered convictions." *Hoffman v. Beseler*, 760 F. App'x 775, 779 (11th Cir. 2019) (citing Fla. Stat. § 960.291(3); *Stephens*, 852 F.3d at 1319) (holding the plaintiff's false arrest claim was *Heck*-barred by virtue of him having been convicted following a plea of *nolo contendere*).

The Court takes judicial notice of the state criminal docket, which shows Plaintiff entered a plea of *nolo contendere* to the charge of trespass under Florida Statutes section 810.08(2)(B), which is the crime for which he was arrested. *See* CORE, available at https://core.duvalclerk.com/ (last visited Nov. 1, 2023);[5] *see also* Doc. 8-1 at 2. There is no indication the conviction—as opposed to the arrest—was "obtained by fraud, perjury, or corrupt means." *See*

---

[5] A district court may take judicial notice of the contents of a publicly available docket sheet. *See McDowell Bey v. Vega*, 588 F. App'x 923, 926 (11th Cir. 2014) (holding the district court did not err in dismissing a complaint based in part on review of the plaintiff's state criminal docket, which showed officers had probable cause to arrest him).

*Stephens*, 852 F.3d at 1320.[6] Adjudication was withheld and court fees imposed. *See* CORE, available at https://core.duvalclerk.com/ (last visited Nov. 1, 2023). Given Plaintiff entered a plea of *nolo contendere*, he may not pursue a false arrest claim against the officers involved in the arrest, including those who allegedly falsified the arrest and booking report. Moreover, to the extent Plaintiff seeks to recover damages for an alleged false arrest, and a judgment in his favor "would necessarily imply the invalidity" of his conviction, which has not been invalidated, his claim is *Heck*-barred. *See Hoffman*, 760 F. App'x at 779.

**Excessive Force Claim**

"The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002) (citing *Graham v. Connor*, 490 U.S. 386, 394-95 (1989)), *overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009). Nonetheless, officers are permitted to use "some degree of physical coercion" when making an arrest. *Id.* In evaluating whether an officer used more force than necessary

---

[6] On the contrary, in a "[n]otice of acceptance" Plaintiff sent to the state court on September 25, 2023, he advised the court that he "do[es] not dispute any of the facts in the charging instrument." *See* CORE, available at https://core.duvalclerk.com/ (last visited Nov. 1, 2023).

8

during an arrest, courts ask "whether a reasonable officer would believe [such] force [was] necessary in the situation at hand." *Id.*

The Eleventh Circuit "has established the principle that the application of de minimis force, without more, will not support a claim for excessive force in violation of the Fourth Amendment" in the context of an arrest. *Nolin v. Isbell*, 207 F.3d 1253, 1257 (11th Cir. 2000). As such, an arresting officer does not necessarily violate an arrestee's Fourth Amendment rights when the officer aggressively pushes the arrestee against a wall, vehicle, or other object. *See id.* at 1255, 1258 n.4 (holding no excessive force where the officer "threw [a suspect] against a van . . . and pushed his head into the side of the van," resulting in only minor bruising, and noting such force is "typical" during an arrest); *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1556, 1559-60 (11th Cir. 1993), *modified*, 14 F.3d 583 (11th Cir. 1994) (holding no excessive force where the officer "spun [the suspect] around, placed him against a display case, applied a choke hold, and handcuffed him," even though "pushing [the suspect] against the wall might have been unnecessary").

Accepting as true that Defendant Santana unnecessarily and aggressively threw Plaintiff against the wall to gain control of the situation and restrain Plaintiff, such conduct does not constitute excessive force under the Fourth Amendment. *See id.*; *Nolin*, 207 F.3d at 1255, 1258 n.4.

9

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate the pending motions as moot, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of November 2023.

     _____
     BRIAN J. DAVIS
     United States District Judge

Jax-6
c:   William King Brookins, IV